IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN SCHELLER, | : | CIVIL ACTION NO. **4:CV-13-0890** |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| POINT TOWNSHIP, *et al.*, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.    BACKGROUND.

On April 8, 2013, Plaintiff Benjamin Scheller, a resident at 129 Reagan Street, Sunbury, Northumberland County, Pennsylvania,  filed, through counsel, this instant civil rights action under 42 U.S.C.  § 1983.[1]  (Doc. 1). Plaintiff named the following four (4) Defendants in his original Complaint: Point Township ("Township"), Northumberland, Northumberland County, Pennsylvania; Point Township Police Department; Joshua Van Kirk, Point Township Police Chief; and Wade Lytle,  (former) Point Township Police Officer.

Plaintiff's original Complaint  raised constitutional claims under the Fourth and Fourteenth Amendments and a civil conspiracy claim pursuant to §1983 as well as Pennsylvania state law claims, namely, malicious abuse of process and Intentional Infliction of Emotional Distress ("IIED").

---

[1]The Court has jurisdiction over this §1983 civil rights case pursuant to 28 U.S.C. §1331 and §1343(a).  The Court can exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

Plaintiff essentially claims that his constitutional rights were violated when Defendant police officers had him arrested and charged with felony rape and related offenses on March 13, 2012, without conducting a proper investigation and by assigning Defendant Lytle who had a relationship with the alleged victim, Tammy Lahr.

Plaintiff paid the filing fee and the Summons was issued. Defendants were then served with the Summons and Plaintiff's Complaint. (Docs. 2-4). On July 19, 2013, Defendants then filed their first Motion to Dismiss Plaintiff's Complaint under Fed.R.Civ.P. 12(b)(6). (Doc. 5). After Defendants filed their support brief, Plaintiff filed an Amended Complaint. (Doc. 7). Plaintiff named the following three (3) Defendants in his Amended Complaint: Point Township; Joshua Van Kirk; and Wade Lytle. Since Plaintiff did not re-name Point Township Police Department as a Defendant in his Amended Complaint, this Defendant was terminated from the docket. Also, since Plaintiff filed an Amended Complaint, we issued an Order deeming Defendants' first Motion to Dismiss Plaintiff's original Complaint as moot. (Doc. 8).

On August 21, 2013, Defendants jointly filed a Motion to Dismiss Plaintiff's Amended Complaint under Fed.R.Civ.P. 12(b)(6). **(Doc. 9)**. Defendants attached two Exhibits (1 & 2) to their Motion, namely, a copy of the Point Township Police Criminal Complaint filed against Plaintiff by Defendant Lytle on March 13, 2012, with a copy of the first page of the Affidavit of Probable Cause, and a copy of the Northumberland County Court of Common Pleas Criminal Docket Sheet in Plaintiff's criminal case, No. CP-49-CR-0476-2012.[2] (Docs. 9-3 & 9-4). The Police Criminal

---

[2]Defendants note that they did not submit the complete Affidavit of Probable Cause. (Doc. 10, p. 9 n. 3).

Complaint filed against Plaintiff charged him with rape and several related crimes.   On September

4, 2013, Defendants filed their brief in support of their Motion to Dismiss Plaintiff's Amended

Complaint.  (Doc. 10).  Plaintiff filed his opposition brief on September 19, 2013.  (Doc. 11).

Defendants then filed a reply brief on October 3, 2013.  (Doc. 12).

We now consider Defendants' Motion to Dismiss Plaintiff's Amended Complaint.  **(Doc. 9)**.

## II.    STANDARDS OF REVIEW.

### A.    *42 U.S.C. § 1983*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:

(1) that the conduct complained of was committed by a person acting under color of state law; and

(2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured

by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v.*

*Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive

rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v.*

*Doe*, 536 U.S. 273, 284-85 (2002); see *also Holocheck v. Luzerne County Head Start, Inc.*, 385 F.

Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v.Susquehanna County*, 613 F. Supp. 2d 653, 660

(M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007)

("only those who act under color of state law are liable to suit under section 1983.").   "In order to

satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state

official, but can also be held liable as a state actor."  *Slater v. Susquehanna County*, 613 F. Supp. 2d

at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a

state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362

(1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt,*

*supra*.  It is also well-settled in the Third Circuit that personal involvement of defendants in alleged

constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such

personal involvement.  *Id*.  Each named defendant must be shown, through the complaint's

allegations, to have been personally involved in the events or occurrences upon which Plaintiff's

claims are based.  *Id*.  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.

1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence.  Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons.  *Id*.  Courts have also

held that an allegation seeking to impose liability on a defendant based on supervisory status,

without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

### B.    *Motion to Dismiss*

In  *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court

stated:

> The Third Circuit Court of Appeals recently set out the appropriate
> standard applicable to a motion to dismiss in light of the United
> States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,*
> 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct.
> 1937 (2009).  "[T]o survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as true to 'state a claim

4

that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly,* 550 U.S. at 555) (not precedential).

Also, the *Reisinger* Court stated:

> Where the parties submit exhibits with their filings, a court must determine what documents may be considered with a motion to dismiss. In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6)of the Federal Rules of Civil Procedure, the Third Circuit Court of Appeals had held that "a court can consider certain narrowly defined types of material without converting the motion to dismiss" to one for summary judgment. *In re Rockefeller Center Properties, Inc. Securities Litigation,* 184 F.3d 280, 287 (3d Cir. 1999). **Specifically, a court can consider "a document integral to or explicitly relied upon in the complaint ... [and] an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."** ( *Id.* (internal citations and quotation omitted).) The Circuit Court explained the rationale for these exceptions: "the primary problem raised by looking to documents outside the complaint-lack of notice to the plaintiff-is dissipated where plaintiff has actual notice and has relied upon these documents in framing the complaint." FN11 *Id.* (internal citations and quotations omitted).) Matters of public record, including government agency records and judicial records, may be considered. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.,* 458 F.3d 244, 257 n. 5 (3d Cir.2006) (citation omitted); *Pension Benefit Guarantee Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993).

*Id.*(emphasis added).

As stated, Defendants' Exhibit 1 to their Motion is a copy of the Point Township Police Criminal Complaint filed against Plaintiff with a copy of the first page of the Affidavit of Probable Cause, and Exhibit 2 is a copy of the Northumberland County Court of Common Pleas Criminal Docket Sheet in Plaintiff's criminal case.[3] Even though Defendants' Exhibits 1 & 2 are outside of the pleadings, they are matters of public record and, Plaintiff's claims are based on these indisputably authentic documents. As such, we agree with Defendants that their Exhibits should be

---

[3]We note that Plaintiff 's Criminal Docket from the Northumberland County Court can also be found at http://ujsportal.pacourts.us/DocketSheets/CP.aspx.

considered with respect to their Motion to Dismiss. (Doc. 10, p. 9 n. 3 & page 11 n. 4). We also note that the Court can take judicial notice of the state court records in Plaintiff's criminal case. *See Santiago v. Saul*, 2013 WL 4418533 (M.D. Pa. Aug. 14, 2013).

## III.    DISCUSSION.

In Count I of his Amended Complaint, Plaintiff raises constitutional claims, pursuant to §1983, of malicious prosecution and false imprisonment under the Fourth and Fourteenth Amendments against Defendants Van Kirk and Lytle. In Count II, Plaintiff asserts a §1983 constitutional claim, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978), against Defendant Township for failure to implement appropriate polices, customs and practices regarding police investigations of sexual assault cases and for failure to properly train its police officers. In Count III, Plaintiff raises a civil conspiracy claim to deprive him of his constitutional rights, pursuant to §1983, against Defendants Van Kirk and Lytle. In Count IV, Plaintiff raises a Pennsylvania state law claim of malicious abuse of process against Defendants Van Kirk and Lytle. Plaintiff asserts a Pennsylvania state law claim of IIED against Defendants Van Kirk and Lytle in Count V. (Doc. 7).

In each of his Counts, Plaintiff seeks compensatory and punitive damages against all three Defendants.

In his Amended Complaint, Plaintiff basally alleges that after Lahr reported to Defendant Van Kirk in January 2012, that she was raped by Plaintiff on November 27, 2011, Van Krik, who was related to Larh, assigned Defendant Lytle to investigate. Plaintiff alleges that Defendant Lytle had a romantic relationship with Lahr, and that Lytle did not interview Lahr until March 4, 2012. Plaintiff

then avers that on March 13, 2012, Defendants Van Kirk and Lytle had him arrested without conducting a proper and thorough investigation and without interviewing him, and charged with felonies, including rape, sexual assault and aggravated indecent assault, as well as other related misdemeanor charges.   Plaintiff avers that the felony charges assured that his bail would be set in a high amount to ensure he would remain incarcerated until his trial and to allow Lytle to continue his (Lytle's) relationship with Lahr.   Plaintiff also alleges that the investigation by Defendants was improper to ensure the felony charges would be approved for filing against him.   Plaintiff avers that if a proper investigation was conducted by Defendant officers, it would have revealed that he and Lahr had a consensual sexual relationship commencing before November 27, 2011, and continuing until February 2012.

Plaintiff also alleges that Lehr gave birth to a child in September 2012, and that he believes he is the father.  Plaintiff avers that his false incarceration prevented him from witnessing the birth of Lehr's child.

Plaintiff avers that on October 30, 2012, Defendant Lytle was placed on paid administrative leave and that on November 5, 2012, Lytle's employment with Defendant Township was terminated.  Plaintiff further avers that he believed Defendant Van Kirk had a pre-existing acrimonious relationship with him.

Plaintiff alleges that on February 4, 2013, the District Attorney voluntarily dismissed the felony charges against him, including rape, sexual assault and aggravated indecent assault.

As mentioned, Defendants have moved to dismiss Plaintiff's Amended Complaint in its entirety.

At the outset, we agree with Defendants that Plaintiff's claims against the two individual police officers, Van Kirk and Lytle, in their official capacities should be dismissed.   In his Amended Complaint, Plaintiff requests both compensatory and punitive damages against all three Defendants. Plaintiff does not state in his pleading if he sues Defendants Van Kirk and Lytle in their personal and/or official capacities.  Plaintiff concedes in his opposition brief that his claims against Defendants Van Kirk and Lytle in their official capacities should be dismissed.

To the extent that Plaintiff is seeking monetary damages (*i.e.*, compensatory and punitive damages) against Defendants Van Kirk and Lytle  in their official capacities, we will recommend that these requests for relief be dismissed with prejudice as Plaintiff can only seek monetary damages from these Defendants in their personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010);  *Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009). Also, as Defendants correctly point out, since Plaintiff has asserted a constitutional claim against Defendant Township, Plaintiff's constitutional claims against Defendants Van Kirk and Lytle  in their official capacities should be dismissed with prejudice.

Based on well-settled law, we find futility in allowing Plaintiff to amend his Amended Complaint to raise claims against Defendants Van Kirk and Lytle  in their official capacities.

Plaintiff also seeks both compensatory and punitive damages against Defendant Township in Count II.  As Defendants state, the law is clear that Plaintiff cannot recover punitive damages against the municipal Defendant Township.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748 (1981).  Thus, we will recommend that Plaintiff's claim for punitive damages against

Defendant Township be dismissed with prejudice since it would be futile to allow Plaintiff to amend this claim.

In Count I of his Amended Complaint, Plaintiff raises §1983 claims of malicious prosecution and false imprisonment under the Fourth and Fourteenth Amendments against Defendants Van Kirk and Lytle.  Defendants point out that Plaintiff's claims of malicious prosecution and false imprisonment only relate to the three felony charges filed against him, namely, rape, sexual assault and aggravated indecent assault, and that Plaintiff alleges Defendants lacked probable cause to file said charges against him.   The Northumberland County Court Criminal Docket indicates that on February 4, 2013, Plaintiff pled guilty to non-felony charges filed against him, namely, terroristic threats, unlawful restraint, 2 counts of simple assault and false imprisonment.  Plaintiff was sentenced on the same day as his guilty plea, and the Court imposed two prison sentences of 3 to 8 months and one prison sentence of 3 to 7 months as well as two years of probation. The Northumberland County Court Criminal Docket indicates that Plaintiff 's prison sentences were to run consecutively.   Plaintiff was also directed to pay fines and costs.  On March 8, 2013, the District Attorney was granted leave by the Court to nolle  pross the three felony charges against Plaintiff.

Plaintiff basically alleges that Defendants Van Kirk and Lytle illegally arrested him for the three stated felony charges, which were later nolle prossed seemingly as part of his guilty plea, and had him falsely imprisoned on said felony charges in violation of the Fourth and Fourteenth Amendments.  In support of their instant Motion to Dismiss Plaintiff's Amended Complaint, Defendants first  argue that Plaintiff failed to state constitutional claims against Van Kirk and Lytle

10

under §1983 for false imprisonment and malicious prosecution. Defendants also contend that Plaintiff failed to state a §1983 conspiracy claim against them. Additionally, Defendants argue that Plaintiff failed to state a claim for punitive damages. Further, Defendants contend that Plaintiff failed to properly allege his state law claims. Finally, Defendants maintain that Plaintiff failed to state a constitutional claim against the Township under *Monell*. As relief, Defendants request that the Court dismiss Plaintiff's Amended Complaint (Doc. 7) with prejudice.

Specifically, Defendants move to dismiss Plaintiff's claims of malicious prosecution and false imprisonment asserted against them in Count I arguing that Plaintiff failed to state cognizable constitutional claims. Defendants contend that Plaintiff failed to state that the felony charges terminated favorably and failed to state the element of malicious intent.

We now consider Defendants' argument that Plaintiff's Amended Complaint fails to state any constitutional claims against Defendants Van Kirk and Lytle for false imprisonment and malicious prosecution with respect to the three felony offenses since there was sufficient probable cause and since the criminal proceeding with respect to the felony charges did not end in Plaintiff's favor.

It is well-settled that "[t]o prove malicious prosecution ... a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) *the criminal proceeding ended in plaintiff's favor;* (3) the proceeding was initiated without probable cause; (4) *the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice*; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir.2003) (emphasis added); *Kossler v. Crisanti,* 564 F. 3d

181, 186 (3d Cir. 2009); *Piazza v. Lakkis*, 2012 WL 2007112, *7 (M.D. Pa. June 5, 2012)(citation

omitted).  "[A] claim for malicious prosecution 'permits damages for confinement imposed pursuant

to legal process.'" *Piazza v. Lakkis*, 2012 WL 2007112, *8(citations omitted).  Further, "a claim for

malicious prosecution seeks to remedy 'the deprivation of liberty accompanying prosecution, not

prosecution itself.'" *Piazza v. Lakkis*, 2012 WL 2007112, *8(citations omitted).  Thus, "a Plaintiff's

claim for malicious prosecution begins not with an arrest, which is not pursuant to legal process, but

with the indictment." *Piazza v. Lakkis*, 2012 WL 2007112, *8(citations omitted).

In his original Complaint, Plaintiff raised claims under § 1983 for false arrest and false

imprisonment against Defendants Van Kirk and Lytle.  It appears that Plaintiff did not include his

claim for false arrest in his Amended Complaint.  Nonetheless, as Defendants point out, an arrest

based on probable cause, precludes  claims for false arrest and false imprisonment.

A false arrest claim under §1983 also has an element requiring that Plaintiff show the

criminal proceeding was initiated without probable cause.   To succeed on a false arrest claim under

§ 1983, the Court in *Kokinda v. Breiner,* 557 F. Supp. 2d 581, 592 (2008 M.D. Pa.)*,* stated:

> A claim under § 1983 for false arrest/false imprisonment is grounded in
> the Fourth Amendment guarantee against unreasonable seizures. *Garcia v.
> County of Bucks,* 155 F.Supp.2d 259, 265 (E.D.Pa.2001) (citing *Groman v.
> Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir.1995)). To maintain his false
> arrest claims, "a plaintiff must show that the arresting officer lacked probable
> cause to make the arrest." *Id.*
> "Probable cause exists when the totality of facts and circumstances are
> sufficient to warrant an ordinary prudent officer to believe that the party
> charged has committed an offense." *Id.*
>
> "[W]here the police lack probable cause to make an arrest, the arrestee has
> a claim under § 1983 for false imprisonment based on a detention pursuant to
> that arrest." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir.1995).
> However, unlike a malicious prosecution claim, for which each criminal

> charge is analyzed independently, a false arrest claim will fail if there was
> probable cause to arrest for at least one of the offenses involved. *Johnson,* 477
> F.3d at 75; *see also Barna v. City of Perth Amboy,* 42 F.3d 809, 819 (3d
> Cir.1994) (holding that for an arrest to be justified, "[p]robable cause need
> only exist as to any offense that could be charged under the circumstances").

*See also Cummings v. City of Phila.*, 137 Fed. Appx. 504, 506 (3d Cir. 2005).

In order for Plaintiff to prevail on his malicious prosecution and false imprisonment claims, he must satisfy each of the above stated elements. *Kossler v. Crisanti,* 564 F. 3d at 186.

We agree with Defendants that the Northumberland County Court records regarding Plaintiff 's criminal conviction on some of the charges filed against him by Van Kirk and Lytle demonstrate that there was probable cause to arrest Plaintiff on all of the charges, including the felonies. As mentioned, Defendants submitted Exhibits attached to their present Motion which we consider since they are documents "integral to or explicitly relied upon in the complaint" and they are state court documents. *See Reisinger*, 712 F.Supp. 2d at 343-344.

Defendants' Exhibit 1 to their Motion is a copy of the Point Township Police Criminal Complaint filed against Plaintiff with a copy of the first page of the Affidavit of Probable Cause, and Exhibit 2 is a copy of the Northumberland County Court of Common Pleas Criminal Docket Sheet in Plaintiff's criminal case showing that Plaintiff was convicted and sentenced on some of the charges filed against regarding Plaintiff's actions against Lehr. (Docs. 9-3 & 9-4). The Point Township Police Criminal Complaint filed against Plaintiff on March 13, 2012, was signed by Defendant Lytle and it was approved of by an Attorney for the Commonwealth. The Affidavit of Probable Cause was also signed by Defendant Lytle. Defendants' Exhibits include Defendant Lytle's description of the November 27, 2011 incident involving Plaintiff and Lehr with respect to

all of the nine (9) charges filed against Plaintiff as well as a copy of the first page of the Affidavit of Probable Cause, signed by Defendant Lytle. The November 27, 2011 incident involving Plaintiff and Lehr is described in Defendants' Exhibits and, they show that Plaintiff was charged with throwing Lehr across the kitchen floor and then holding Lehr against her will by using a loaded gun and by tying her to a chair with black zip straps. Plaintiff was also charged with sexually assauling Lehr. The Northumberland County Court Criminal Docket shows that after Plaintiff was arrested on March 13, 2012, his bail was set at $250,000 and he was confined in the County prison until December 17, 2012, when he was bail was reduce to $1.00 nominal bail.

As Defendants indicate, on April 25, 2012, Plaintiff had a preliminary hearing before a Magisterial District Judge, and the charges Defendant Lytle filed against were bound over to the Northumberland County Court of Common Pleas for trial. An Information was filed against Plaintiff charging him with the stated offenses on May 21, 2012. Thus, as Defendants correctly state, a Magisterial District Judge found sufficient probable cause existed for Defendant Lytle to arrest Plaintiff for the felony and misdemeanor charges as a result of the November 27, 2011 incident between Plaintiff and Lehr.

As stated above, the Northumberland County Court Criminal Docket indicates that on February 4, 2013, Plaintiff pled guilty to five (5) misdemeanor charges filed against him, namely, terroristic threats, 18 Pa.C.S.A. §2706(a)(1), unlawful restraint, 18 Pa.C.S.A. §2902(2), 2 counts of simple assault, 18 Pa.C.S.A. §2701(a)(1) & (3), and false imprisonment, 18 Pa.C.S.A. §2903. Plaintiff was also sentenced on February 4, 2013, and the Court imposed two prison sentences of 3 to 8 months and one prison sentence of 3 to 7 months as well as two years of probation. Plaintiff's

sentences of imprisonment were directed by the Court to run consecutively. On March 8, 2013, the District Attorney was granted leave by the Court to nolle pross the three felony charges against Plaintiff, namely, rape, sexual assault and aggravated indecent assault, as well as a misdemeanor charge of indecent assault. Plaintiff bases his malicious prosecution claim against Defendants Van Kirk and Lytle largely on his allegations that these Defendants should not have charged him with the more serious felony charges and that if they performed a proper investigation, including interviewing him, they would have discovered that he had a prior romantic relationship with Lehr. Plaintiff also essentially alleges that Defendants Van Kirk and Lytle were biased against him since Lytle had a relationship with Lehr and since he believed he had an acrimonious relationship with Van Kirk.

The Northumberland County Court Criminal Docket indicates that Plaintiff did not file a direct appeal of his convictions and sentences. Nor are we aware that Plaintiff has had his convictions and sentences overturned by a §2254 habeas petition filed with this federal Court.

We find that the constitutional claims Plaintiff asserts against Defendants Van Kirk and Lytle in Count I for malicious prosecution and false arrest/false imprisonment based on the three felony charges which were nolle prossed are *Heck* barred. Thus, insofar as Plaintiff is raising constitutional claims under §1983 against Defendants Van Kirk and Lytle challenging the stated felony charges we find that these claims are *Heck* barred. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

In *Heck*, the Supreme Court stated:

A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner

15

seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487; *see also Kossler v. Crisanti,* 564 F. 3d 181, 187 (3d Cir. 2009).

In *Taylor v. JFC Staffing Assoc*., 690 F. Supp. 2d 357, 375-77 (M.D. Pa. 2009), the Court

stated:

In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court announced what is called the "favorable termination rule," which forecloses certain § 1983 actions for plaintiffs who have plead guilty to criminal charges.  In *Heck,* the Supreme Court stated:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87, 114 S.Ct. 2364 (emphasis in original). The final termination rule announced in Heck also bars those § 1983 claims that have the effect of impugning the underlying criminal conviction. *See Marable v. Pottsgrove Twp.,* 176 Fed.Appx. 275, 281 (3d Cir.2006).

Thus, insofar as Plaintiff is claiming Defendant officers maliciously prosecuted him and

falsely arrested and imprisoned him in violation of the Fourth Amendment with respect to the three

felony charges filed against him, namely, rape, sexual assault and aggravated indecent assault, we

find that  these constitutional claims are *Heck* barred. Based on the above, we find that Plaintiff's

constitutional claims challenging  the three felony charges filed against him would necessarily imply

the invalidity of Plaintiff's convictions and sentences on the five misdemeanor charges.  In fact, the

Criminal Complaint filed against Plaintiff states that the unlawful restraint charge (Count 6) was based on Plaintiff restraining Lehr with back zip straps to tie her to a chair against her will "during the coarse (sic) of the crime of rape." The false imprisonment charge (Count 9) filed against Plaintiff also stated that Plaintiff restrained Lehr with back zip straps to tie her to a chair against her will and not allowing Lehr to leave "during the coarse (sic) of the crime of rape." (Doc. 9-3, pp. 5-6). As stated, Plaintiff pled guilty to both the unlawful restraint charge and to the false imprisonment charge, and he was sentenced to prison on the unlawful restraint charge and to probation on the false imprisonment charge. (Doc. 9-4, pp. 9-10). We find that the criminal charges filed against Plaintiff by Defendant Lytle as a result of the November 27, 2011 incident with Lehr, were all predicated on the same factual basis, including, the three felony offenses.

As such, we will recommend that Plaintiff's constitutional claims against Defendants Van Kirk and Lytle challenging the stated felony charges which were nolle prossed be dismissed until Plaintiff has his sentences and convictions regarding the related misdemeanor charges overturned on appeal in the state courts or by filing a habeas petition under 28 U.S.C. §2254.

Defendants also argue that since the entire criminal proceeding commenced against Plaintiff by Defendants Van Kirk and Lytle challenging the stated felony charges as a result of the November 27, 2011 incident did not show Plaintiff's innocence of misconduct regarding any of the underlying criminal charges filed against him, Plaintiff cannot establish the favorable termination element with respect to his constitutional claims raised in Count I. We agree with Defendants. As the *Crisanti* Court stated, "[w]hen the circumstances-both the offenses as stated in the statute and the underlying facts of the case-indicate that the judgment as a whole does not reflect the Plaintiff 's

innocence, then the Plaintiff fails to establish the favorable termination element." *Id.* at 188.

As mentioned, we find that all of the criminal charges, *i.e.*, felony charges and misdemeanor charges, filed against Plaintiff by Defendants as a result of the November 27, 2011 incident with Lehr, were all predicated on the same factual basis. Plaintiff pled guilty to five misdemeanor charges clearly related to the three felony offenses. Subsequently, the Commonwealth moved to nolle pros (dismiss) the three felony charges Defendants filed against Plaintiff, and the Northumberland County Court granted the motion on March 8, 2013. Thus, Plaintiff was not convicted of the three felony charges Defendants filed against him on March 13, 2012.

As discussed above, we find that Defendants' evidence shows that the felony charges filed against Plaintiff as a result of the November 11, 2011 incident with Lehr , were predicated on the same factual basis as the misdemeanor charges filed against Plaintiff of which Plaintiff was convicted. Also, as discussed below, we find that Defendants' Exhibits show that there was sufficient probable cause to arrest Plaintiff and charge him with both the felony charges and the misdemeanor charges.

Since Plaintiff was convicted of two misdemeanor charges accusing him of restraining Lehr with back zip straps to tie her to a chair against her will and of not allowing Lehr to leave "during the coarse (sic) of the crime of rape," we find that all of Plaintiff's constitutional claims against Defendants Van Kirk and Lytle for malicious prosecution and false imprisonment with respect to the three felony charges, are *Heck* barred even though the felony charges were dismissed. *See Kossler, supra*. We find that the three stated felony charges were clearly predicated on the same factual basis as the two stated misdemeanor charges of which Plaintiff was convicted. We find that if

18

Plaintiff 's malicious prosecution and false imprisonment claims regarding the November 27, 2011 incident with Lehr were allowed to proceed against Defendants Van Kirk and Lytle, they would amount to a collateral attack on Plaintiff's convictions for unlawful restraint and false imprisonment and would necessarily imply the invalidity of his convictions and sentences. Based on the above, we find that our Plaintiff's malicious prosecution and false arrest/false imprisonment claims against Defendants Van Kirk and Lytle in Count I of his Amended Complaint regarding the November 27, 2011 incident with Lehr are *Heck* barred.

Additionally, even if Plaintiff's malicious prosecution and false arrest/false imprisonment claims are not *Heck* barred, as Defendants point out, they submitted Exhibits which show that there was sufficient probable cause to arrest and charge Plaintiff with both the felony charges and the misdemeanor charges regarding the November 27, 2011 incident with Lehr.

Initially, probable cause to support an arrest does not "require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams*, 407 U.S. 143, 149 (1972). Thus, simply because the felony charges Defendants filed against Plaintiff were *nolle prossed* after Plaintiff pled guilty to related misdemeanor charges when Plaintiff's case was before the Northumberland County Court, does not necessarily show that Defendants lacked probable cause to arrest Plaintiff and that Defendants lacked probable cause to issue the Criminal Complaint against Plaintiff charging him with the felonies. The Third Circuit Court of Appeals stated, "the probable cause standard does not turn on the actual guilt or innocence of the arrestee, but rather, whether the arresting officer reasonably believed that the arrestee had committed the crime." *Radich v. Goode*, 886 F.2d 1391, 1397 (3d Cir. 1989).

We next consider Defendants' argument that Plaintiff 's Amended Complaint fails to state any constitutional claims against them for false arrest/false imprisonment and malicious prosecution with respect to the three felony offenses since there was an independent determination of probable cause by both the District Attorney (*i.e.*, the Attorney for the Commonwealth) in approving the Criminal Complaint against Plaintiff and the Magisterial District Judge in binding all of the charges filed against Plaintiff over to County Court. Based on the case of *Fisher v. Matthews*, 792 F.Supp.2d 745, 778 (M.D. Pa. 2011), we agree with Defendants that the independent determinations of probable cause show that Van Kirk and Lytle had probable cause to arrest Plaintiff on March 13, 2013, and to file all of the charges against him. We agree with Defendants that the issue of whether probable cause existed to arrest Plaintiff for the felony charges is normally a question of fact, but that under the circumstances of the present case, it is a question of law. *See Fisher*, 792 F.Supp. 2d at 778. We find that like the *Fisher* case in which Plaintiff Fisher was arrested and charged with criminal offenses which were bound over to County Court for trial after a preliminary hearing was held and in which the charges were later dismissed, our Plaintiff cannot establish his constitutional claims since Defendants Van Kirk and Lytle clearly had probable cause to arrest Plaintiff for the sexual assault related offenses, including the three felonies, which were all bound over by a Magisterial District Judge to Northumberland County Court for trial.

As the *Fisher* Court, 792 F.Supp. 2d at 781, stated:

> As Defendants point out, since the charges against Plaintiff were bound over for court and trial, after a preliminary hearing before a Pennsylvania magisterial district judge, despite the subsequent dismissal and withdrawal of the charges, there was some initial independent judicial finding that probable cause existed with respect to Defendants' arrest of Plaintiff on the charges and with respect to the Criminal Complaint Defendant Dickmyer filed against

Plaintiff. "The purpose of a preliminary hearing [in Pennsylvania] is to avoid the incarceration or trial of a Defendant unless there is sufficient evidence to establish a crime was committed and the probability the Defendant could be connected with the crime." *Com. v. Tyler*, 587 A.2d 326 (Pa. Super. 1991).

The independent judicial determination, of which there is no dispute, found that there was a sufficient showing by Defendants of a *prima facie* case against Plaintiff with respect to both charges, and that there was a factual and legal basis for Plaintiff's arrest as a result of the August 17, 2007 incident since the charges were bound over to court for trial. A *prima facie* case is when the evidence read in a light most favorable to the Commonwealth, "sufficiently established both the commission of a crime and that the accused is probably the perpetrator of that crime." *Com. v. Hendricks*, –A. 2d —, 2007 WL 1732578 (Pa. Super. 2007). As discussed, we find that the record shows that Defendants had sufficient probable cause that Plaintiff committed the stated two offenses, and the magisterial district judge found that there was sufficient evidence to allow the charges to go to the jury.

As our Defendants recognize, the lack of probable cause is a required element of Plaintiff's Fourth Amendment false arrest/false imprisonment and malicious prosecution claims. *McNeill v. City of Easton*, 694 F. Supp. 2d 375, 390 (E.D. Pa. 2010). Thus, if Defendants Van Kirk and Lytle had probable cause to arrest Plaintiff on March 13, 2013, for the three felony offenses, Plaintiff's false arrest/false imprisonment and malicious prosecution claims must fail. *Id.*; *Santiago, supra*.

Plaintiff's arrest on the felony charges may violate his constitutional rights under the Fourth Amendment if it was made by Defendants Van Kirk and Lytle without probable cause to believe that Plaintiff committed the stated crimes. *See Barna v. City of Perth Amboy,* 42 F.3d 809, 819 (3d Cir.1994). Thus, a false arrest claim under §1983 requires a determination of "whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Groman v. Township of Manalapan,* 47 F.3d 628, 634 (3d Cir.1995). "If the arresting officer lacked probable cause to make the arrest, the arrestee also has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Id.* at 636.

In *Reedy v. Evanson*, 615 F. 3d 197, 211 (3d Cir. 2010), the Third Circuit stated that "[i]t is well-established that the Fourth Amendment 'prohibits a police officer from arresting a citizen except upon probable cause.'" (citations omitted). The *Reedy* Court also stated:

> Probable cause "requires more than mere suspicion [.]" *Orsatti,* 71 F.3d at 482. However, it does not "require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams,* 407 U.S. 143, 149, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Rather, "probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti,* 71 F.3d at 483; *see also Wilson v. Russo,* 212 F.3d 781, 789 (3d Cir.2000) ("Probable cause exists if there is a 'fair probability' that the person committed the crime at issue." (citation omitted).). "Probable cause need only exist as to [one of the] offense[s] that could be charged under the circumstances." *Barna v. City of Perth Amboy,* 42 F.3d 809, 819 (3d Cir.1994). In analyzing whether probable cause existed for an arrest, we must take a "totality-of-the-circumstances approach." *Illinois v. Gates,* 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Defendants argue that Plaintiff's false arrest/false imprisonment and malicious prosecution claims against them should be dismissed with prejudice, since Plaintiff's arrest for the rape and related felony charges was reasonable under the Fourth Amendment and since there was probable cause on March 13, 2012, to believe that Plaintiff committed the felony offenses. As Defendants state with respect to the felony charges, Plaintiff had a preliminary hearing on all of the charges filed against him and the Magisterial District Judge made an independent judicial finding of probable cause on all charges and bound them over to County Court for trial. Thus, based on the *Fisher v. Matthews* and *Santiago* cases, and based on Defendants' Exhibits, we find that Defendants Van Kirk and Lytle Detective had probable cause to arrest Plaintiff on the felony charges and that Plaintiff failed to state claims for false arrest/false imprisonment and malicious prosecution against

these Defendants. We do not find, as Plaintiff contends, that it is premature at this stage of the case to conclude that Defendants Van Kirk and Lytle Detective had probable cause to arrest Plaintiff on the felony charges in light of Plaintiff 's Northumberland County Court records.

Therefore, we will recommend that Defendants' Motion to Dismiss Count I of his Amended Complaint be granted, and that Plaintiff 's false arrest/false imprisonment and malicious prosecution claims against Van Kirk and Lytle be dismissed with prejudice. Based on the above, we find futility in allowing Plaintiff to amend his Amended Complaint with respect to Count I and his false arrest/false imprisonment and malicious prosecution claims against Defendants Van Kirk and Lytle.[4]

Plaintiff broadly raises a §1983 conspiracy claim that Defendants, acting together, conspired to violate his constitutional rights, namely, his Fourth Amendment right against s false arrest/false imprisonment and malicious prosecution. Plaintiff relies on his allegations that he had an acrimonious relationship with Defendant Van Kirk, that Defendant Lytle had a romantic interest in Lahr, and that Lytle was assigned to investigate the November 2011 incident between Plaintiff and Lahr after another officer was initially assigned.

The Courts have consistently held, "[t]he Plaintiff's allegations [of a §1983 conspiracy] must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives

---

[4]We note that Defendant Chief Van Kirk did not sign either the Criminal Complaint filed Plaintiff or the Affidavit of Probable Cause. Rather, Defendant Lytle signed both documents. It is well established that a Plaintiff must allege the personal liability of a Defendant in a civil rights action and that such liability cannot be imposed upon an official based on a theory of *respondeat superior*. *See Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003).

and the role each Defendant allegedly played in carrying out those objectives. Bare conclusory allegations of 'conspiracy'... will not suffice to allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." *Flanagan v. Shively*, 783 F. Supp. 922, 928 (M.D. Pa. 1992), *aff'd* 980 F.2d 722 (3d Cir. 1992), *cert. denied* 510 U.S. 829 (1993).

Further, as the Court stated in *Dennison v. Pa. Dept. of Corrections*, 268 F. Supp. 2d 387, 401 (M.D. Pa. 2003):

> To sustain a conspiracy claim under section 1983, [Plaintiff] must establish that: (1) defendants deprived him of a right secured by the Constitution or laws of the United States and (2) conspired to do so while acting under color of state law. *Adickes v S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Marchese v. Umstead*, 110 F.Supp.2d 361, 371 (E.D. Pa. 2000). Additionally, "'to [s]ufficiently allege a conspiracy, a plaintiff must show a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose.'" *Marchese*, 110 F.Supp.2d at 371 (quoting *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D. Pa.1999)) (other internal citations omitted). "'A plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'" *Id*. (quoting *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999)) (other internal citations omitted).

Thus, "[a] section 1983 conspiracy claim requires proof that two or more conspirators reached an agreement to deprive Plaintiff of a constitutional right under color of law. *Dennis v. DeJong*, 867 F.Supp.2d 588, 650 (E.D. Pa. 2011)(citation omitted).

We find that our Plaintiff does not specify any role or agreement of Defendants in the alleged conspiracy to violate his rights against false arrest/false imprisonment and malicious prosecution. He does not make specific factual allegations of an agreement, combination, or

understanding among both Defendants to plot, plan, or conspire to carry out the alleged chain of events that have led to the alleged violations of his Fourth Amendment rights. Further, Plaintiff fails to sufficiently state the personal involvement of each Defendant he claims was a part of the conspiracy, namely, Defendants Van Kirk and Lytle.

Additionally, as Defendants state, Plaintiff has failed to state cognizable false arrest/false imprisonment and malicious prosecution claims against Defendants Van Kirk and Lytle since he cannot show that these Defendants lacked probable cause to arrest and charge him. As stated, "to prove false arrest or false imprisonment, a Plaintiff must demonstrate that the police lacked proper cause to arrest him." *See Gorman*, 47 F.3d as 634-36. As such, we agree with Defendants that "a §1983 conspiracy claim is not actionable where there is no actual §1983 violation." (Doc. 10, p. 20). *See Dennis v. DeJong*, 867 F.Supp.2d at 650; *Cromwell v. Manfredi*, 2009 WL 2986609, *11 (W.D. Pa. Sept. 17, 2009)("The rule is that absent a showing of an underlying violation of a federal rights, no cause of action for conspiracy under Section 1983 can be established.").

The Third Circuit has held that a Plaintiff whose Complaint fails to state a cognizable claim is entitled to amend his pleading. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002). Further, "[d]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Id.* (citations omitted). Accordingly, we have found no underlying violation of Plaintiff's constitutional rights by Defendants Van Kirk and Lytle, we find futility and undue prejudice to Defendants in allowing Plaintiff to amend his Amended Complaint to allege a proper conspiracy claim. As such, we will recommend that Plaintiff's conspiracy claim in Count III be dismissed with prejudice as against both stated Defendants.

Defendants argue the Plaintiff 's Amended Complaint fails to state a constitutional claim against the Township under *Monell*. Plaintiff asserts a §1983 constitutional claim in Count II, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978), against Defendant Township for failure to implement appropriate polices, customs and practices regarding police investigations of sexual assault cases and for failure to properly train its police officers.

Defendant Township cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior*. *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9 (M.D. Pa.).[5] Rather, Defendant Township "[is] subject to liability [in a §1983 action] to the extent [it] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id.* (citation omitted).

In *Mangus*, the Court stated:

> With respect to such institutional defendants it is clear that a County cannot cannot be held liable for the unconstitutional acts of its employees on the theory of respondeat superior. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, [a plaintiff] must demonstrate that the violation of his rights was caused by either a policy or a custom of the [county]. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir.1996). *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir.2000).

2010 WL 521114, *3.

Thus, Defendant Township cannot be held liable, either for its conduct or for the conduct of employees, such as the police officer Defendants, pursuant to *respondeat superior*. *Brickell v. Clinton County Prison Bd.*, 658 F.Supp. 2d 621, 626-27 (M.D. Pa. 2009). In order for Plaintiff to

---

[5] *See also Mangus v. DCP*, 2010 WL 521114, *8-*6 ( M.D. Pa. 2010).

successfully allege a constitutional claim under §1983 against Defendant Township, he must raise a

*Monell* claim alleging that the Township is a governmental entity and thus a "person" under §1983

and, alleging that either a policy or lack of policy of Defendant Township led to the violation of the

Plaintiff's constitutional rights. *See Monell v. New York Dept. of Social Servs.*, *supra*; *see also*

*Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008).

 In *Kokinda,* 557 F. Supp. 2d at 590-91, the Court stated:

Under *Monell*, "municipalities and other local government units are among
those "persons" to whom Section 1983 applies." *Malles v. Lehigh County*,
639 F. Supp. 2d 566, 576 (E.D. Pa. 2009). As the Court in *Malles v. Lehigh
County*, 639 F. Supp. 2d at 576, stated:

>  According to the teaching of *Monell v. Department of Social Services*,
> 436 U.S. 658, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978), Lehigh County
> "can be sued directly under §1983 ... [when] the action that is alleged
> to be unconstitutional implements or executes a policy statement,
> ordinance, regulation or decision officially adopted and promulgated
> by [Lehigh County's] officers" or where the constitutional deprivations
> occurred pursuant to governmental custom. *Monell*, 436 U.S. at 690.
> To survive a motion to dismiss, the plaintiff must "allege that a 'policy
> or custom' of [the defendants] was the 'moving force' behind the
> [constitutional] violation." *Grayson v. May view State Hosp.*, 293 F.3d
> 103, 107 (3d Cir. 2002)(citing *Bd. of County Comm'rs of Bryan County
> v.Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)).
> But, despite Defendants' arguments that Plaintiff has failed to allege
> any specific policies that authorized the actions officers Brenner and
> Ohl allegedly took, (Doc. 9, at 10; Doc. 11, at 6-8), there is no
> requirement at the pleading stage for Plaintiff to identify a specific
> policy to survive a motion to dismiss. *Carter v. City of Philadelphia*,
> 181 F.3d 339, 358 (3d Cir. 1999). This would be "unduly harsh" at
> this early juncture. *Id.*

Therefore, in order to properly state a §1983 claim against Defendant Township , Plaintiff

must not only allege  that it qualifies as a governmental entity and thus is a person under §1983

standards, but Plaintiff must also must allege that Defendant Township unconstitutionally implemented or executed a policy statement, ordinance, regulation, decision or custom leading to the stated violations of his constitutional rights.

Since we find that Plaintiff has failed to state any viable constitutional claim against Defendants Van Kirk and Lytle, we agree with Defendants (Doc. 10, p. 24) and find that Plaintiff has failed to state a constitutional claim against Defendant Township *Monell v. Department of Social Servs*. *See Kokinda v. Breiner,* 557 F. Supp. 2d at 591; *Santiago, supra*. Therefore, we find that Plaintiff's constitutional claim against Defendant Township under *Monell* fails since Plaintiff failed to state a constitutional claim against the individual Township police officer Defendants, Van Kirk and Lytle. *See Deninno v. Municipality of Penn Hills*, 269 Fed.Appx. 153, 158 (3d Cir. 2008)("Even more fundamentally, there can be no municipal liability here because we have determined that none of the individual Defendants violated the Constitution."). Thus, we find that the Township should be dismissed as a Defendant in this case. Because we will recommend Plaintiff's constitutional claims against Defendants Van Kirk and Lytle be dismissed with prejudice, we will also recommend that Plaintiff's constitutional claim against Defendant Township under *Monell* be dismissed with prejudice.

Thus, we will recommend that the Court grant Defendants' Motion to Dismiss **(Doc. 9)** with respect to all constitutional claims against Defendants raised in Counts I, II and III of Plaintiff's Amended Complaint. As stated, the Third Circuit has held that a Plaintiff whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d at 111; *Alston v. Parker*, 363

F.3d at 235-236. Because Plaintiff already had one opportunity to amend his Complaint and since Plaintiff has failed to state any cognizable constitutional claims against the three remaining Defendants in his Amended Complaint, we will recommend that the Court dismiss all three Defendants from this action with prejudice. Based on the above discussion, we find futility in allowing Plaintiff to amend his Complaint a second time with respect to these Defendants and we find undue prejudice to Defendants. *See Grayson, supra*.

We do not address Defendants' argument that Van Kirk and Lytle are entitled to qualified immunity as to Plaintiff's constitutional claims, since we find merit to Defendants' arguments raised in their Doc. 9 dispositive motion that no constitutional violations have been established in this case.[6]

In Count IV of his Amended Complaint, Plaintiff raises a Pennsylvania state law claim of malicious abuse of process against Defendants Van Kirk and Lytle. Plaintiff asserts a Pennsylvania state law claim of IIED against Defendants Van Kirk and Lytle in Count V. We agree with Defendants that the Court should decline to exercise its supplemental jurisdiction over Plaintiff's state law claims since we will recommend that Plaintiff 's federal claims be dismissed.

Based upon our recommendation that all of Plaintiff's federal question claims be dismissed, we also recommend that the Court decline to exercise supplemental jurisdiction over the remaining state law claims Plaintiff is raising in his Amended Complaint. *See* 28 U.S.C. § 1367(c). Thus, even if supplemental jurisdiction is found to exist in a case, "the discretion to exercise supplemental

---

[6]We note that "[i]f no constitutional violation occurred, the inquiry ends here and qualified immunity is appropriate." *Gause v. Diguglielmo*, 2009 WL 116959, *2 (E.D.Pa. Jan. 15, 2009)(citations omitted).

jurisdiction remains with the district court."*Greenwood,* 2003 U.S. Dist. LEXIS 18099, at 10, 2003 WL, 22238981. *N.J. Turnpike Auth. v. PPG Indus.,* 197 F.3d 96,113 (3d Cir.1999) (stating that a district court's decision to exercise supplemental jurisdiction over a plaintiff's state law claims is discretionary). Moreover, district courts should "hesitate to exercise jurisdiction over state claims" if the "considerations of judicial economy, convenience and fairness to litigants ... are not present...." *Id*.

Pursuant to the discretion granted to this Court by §1367, we will recommend that the Court decline to exercise supplemental jurisdiction over the remaining state law claims Plaintiff raises in this case.

## IV.     RECOMMENDATION.

Based on the foregoing discussion, it is respectfully recommended that Defendants' Motion to Dismiss **(Doc. 9)** Plaintiff's Amended Complaint **(Doc. 7)**  be **GRANTED** with respect to all of the constitutional claims raised against Defendants Point Township, Van Kirk and Lytle.  It is also recommended that Counts I, II and III of Plaintiff's Amended Complaint **(Doc. 7)** be **DISMISSED WITH PREJUDICE**.  Further, it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims in Counts IV and V of his Amended Complaint.

Finally, it is recommended that the Court close this case.




**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**




**Dated: November 4, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN SCHELLER, | : | CIVIL ACTION NO. **4:CV-13-0890** |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| POINT TOWNSHIP, *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November 4, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may

result in a waiver of any appellate rights.


s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge


**Dated: November 4, 2013**