IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN SCHELLER, | : | No. 4:13-CV-890 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | (Magistrate Judge Blewitt) |
| POINT TOWNSHIP, JOSHUA VAN KIRK, and WADE LYTLE | : | |
| Defendants. | : | |

**MEMORANDUM**

May 6, 2014

## BACKGROUND

This 42 U.S.C. § 1983 action arises out of the prosecution of Benjamin Scheller for the alleged rape of Tammy Lahr ("Victim"). Plaintiff, Scheller, brings suit against Point Township, Point Township Police Chief Joshua Van Kirk, and former Policeman Wade Lytle for a violation of his *Fourth* and *Fourteenth Amendment* right to be free from malicious prosecution and false imprisonment, a *Monell* claim against Point Township, a § 1983 conspiracy claim against Van Kirk and Lytle, and related state law claims for malicious abuse of process and intentional infliction of emotional distress. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

On January 19, 2012, Victim reported to Van Kirk that Plaintiff had sexually

assaulted and raped her on November 27, 2011. On March 4, 2012, Lytle interviewed Victim and then on March 13, 2012, Plaintiff was arrested with bail set at $250,000. The offences on the criminal complaint were: 1) Rape - by forcible compulsion, 2) Sexual Assault, 3) Aggravated Indecent Assault - by forcible compulsion, 4) Indecent Assault - by forcible compulsion, 5) Terroristic Threats - to commit violence, 6) Unlawful Restraint - for servitude, 7) Simple Assault - intentional, 8) Simple Assault - fear by physical menace, and 9) False Imprisonment. According to the criminal complaint, Counts 5, 6, and 9 occurred during the course of the crime of rape. On April 25, 2012, Plaintiff was held over for court on the above charges, and on May 21, 2012, the Information was filed. On February 4, 2013, Plaintiff plead guilty to charges 5-9, while charges 1-4 were *nolle prossed*.

Meanwhile, on October 30, 2012, Lytle was placed on administrative leave and subsequently terminated from Point Township Police Department on November 5, 2012. Plaintiff alleges that Lytle had a romantic interest with Victim, and included the felony charges (charges 1-3) to ensure that Plaintiff would be unable to post bail. Plaintiff further alleges that Van Kirk's animus towards Plaintiff led him to participate in the conspiracy to deprive Plaintiff of his rights.

Plaintiff filed suit on April 8, 2013 and was promptly confronted with a

Motion to Dismiss. Plaintiff filed an amended complaint and the first Motion to Dismiss was found moot.

Defendants then jointly filed a Motion to Dismiss Amended Complaint, which Plaintiff opposed. On November 11, 2013, Magistrate Judge Thomas M. Blewitt issued a Report and Recommendation to grant Defendants' Motion and Dismiss the Complaint with prejudice, finding that probable cause existed as found by the state magistrate. The Report and Recommendation also discussed and found that Plaintiff did not satisfy the favorable termination requirement laid out by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff filed objections to the Report and Recommendation, arguing that *Heck* was not applicable, that the claim does not attack the validity of the underlying conviction, that a state judge's finding of probable cause is not binding upon this Court, and that the Report and Recommendation improperly decided findings of fact at this stage of the litigation. For the following reasons, Plaintiff's objections are overruled and the complaint will be dismissed without prejudice as required by *Heck*.

**DISCUSSION**

Magistrate Judge Blewitt's Report and Recommendation should be adopted in part as far as it finds Plaintiff's § 1983 claims barred by the U.S. Supreme

Court's favorable termination rule in *Heck v. Humphrey*. The report and recommendation goes on to find that probable cause existed to defeat Count I of the complaint, but this Court does not need to reach that issue. Plaintiff did not object to the dismissal of his *Monell* claim against Point Township, but this Court also will dismiss Count II without prejudice unless and until Plaintiff can satisfy *Heck*'s favorable termination requirement.

> In *Heck*, the U.S. Supreme Court held that
>
> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-87. This rule prevents a collateral attack on a state criminal conviction by requiring a showing that the state proceedings terminated favorably for the plaintiff.

In the matter at hand, Plaintiff asserts favorable termination because the felony charges were "voluntarily dismissed" by the district attorney, but public records produced by Defendants show that Plaintiff also plead guilty to five of the

charges.[1] To determine whether Plaintiff's § 1983 clam is cognizable, this Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." *Heck*, 512 U.S. at 487.

Plaintiff cannot satisfy the favorable termination requirement. A proceeding terminates favorably when the judgment indicates "innocence of the alleged misconduct underlying the offenses charged." *Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir. 2009). In *Kossler*, the plaintiff was convicted on disorderly conduct, but acquitted of aggravated assault and public intoxication and subsequently filed a malicious prosecution claim for the two acquitted charges. *Id.* at 184-86. The court held that the plaintiff's criminal proceeding did not end in his favor and followed a two step approach, where first, it analyzed the offences charged and second, it determined whether the charges were predicated on the same factual basis, *id.* at 188-89. It explained that "the favorable termination of some but not all individual charges does not necessarily establish the favorable termination of the criminal proceeding as a whole." *Id.* at 188.

In the case at bar, Plaintiff would have us look only at the *nolle prossed* charges and ignore the charges where he pled guilty. Similar to the charges in

---

[1]This Court may consider this criminal docket during a motion to dismiss because it is a public record. *See In re Rockefeller Center Properties, Inc. Securities Regulation*, 184 F.3d 280, 292-93 (3d Cir. 1999).

*Kossler*, the guilty chages here are not lesser included offenses of the *nolle prossed* charges. Moreover, and similar to the charges in *Kossler*, all of the charges here were predicated on the same factual basis. The police criminal complaint attached to Defendants' Motion to Dismiss Amended Complaint show that charges 5, 6, and 9, to which Plaintiff pled guilty, occurred during the crime of rape.[2] Furthermore, Plaintiff's Amended Complaint alleges that Victim reported to Defendant Van Kirk that Plaintiff sexually assaulted/raped her. Even taking all of Plaintiff's allegations as true, these proceedings arose out of the same factual basis, which was the alleged rape of Tammy Lahr. Plaintiff's criminal proceeding did not end favorably when he plead guilty to five criminal charges, three of which occurred during the crime of rape.

In his objections to the Report and Recommendation, Plaintiff asserts that the charges were not predicated on the same factual basis, but "were predicated on two separate events, i.e. the misdemeanor charge and later the same day, the alleged felony charges." Plaintiff does not further brief this issue or otherwise address the description of the charges on the Police Criminal Complaint. This

---

[2]The Court may consider this undisputedly authentic document that Plaintiff relied on in the Complaint. *See Pension Benefit Guar. Corp v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993). Plaintiff relied on this police criminal complaint (ECF No. 9-3) in his Amended Complaint (ECF No. 7, ¶¶11-12).

conclusory statement stands in isolation with no support in either the pleadings or the exhibits. Instead, Plaintiff challenges the Court's authority to determine favorable termination at this stage of the proceedings. Plaintiff further asserts the inapplicability of *Heck* in the instant case because *Heck* "only applies to incarcerated prisoners." ECF No. 15 at 3.

Plaintiff's objections are overruled because *Heck* must be followed at this stage of the proceedings, and the *Heck* rationale certainly applies to Plaintiff's claim. The *Heck* Court denied the existence of a cause of action when the § 1983 claim, if successful, would imply the invalidity of the plaintiff's conviction or sentence. With no cognizable cause of action, Plaintiff does not have standing unless or until the underlying conviction or sentence is reversed, expunged, or otherwise rendered invalid. The determination as to whether a cause of action is barred by *Heck* at this stage of the proceedings is mandatory.

Additionally, *Heck* applies to all §1983 claims, even if the plaintiff is no longer in custody or entitled to *habeus* relief. *Gilles v. Davis*, 427 F.3d 197, 209-10 (3d Cir. 2005); *Williams v. Consovoy*, 453 F.3d 173, 177-78 (3d Cir. 2006). Plaintiff cites the concurring and dissenting opinions of *Spencer v. Kemna* and asserts that *Heck* does not apply to the instant case. *Spencer v. Kemna*, 523 U.S. 1 (1998). For discussion questioning the applicability of *Heck, see id.* at 19-20

7

(Souter, J., concurring); *id.* at 21 (Ginsburg, J., concurring); *id.* at 25 n.8 (Stevens, J., dissenting).

Plaintiff failed, however, to include the mandatory precedent of the United States Court of Appeals for the Third Circuit, which has declined to question the validity of *Heck*. The *Gilles* and *Williams* decisions imposed the favorable termination requirement on plaintiffs for whom *habeus* relief was no longer available. For this reason, Plaintiff's objection to the application of *Heck* is overruled.

Magistrate Judge Blewitt's Recommendation to deny supplemental jurisdiction over related state law claims (Counts IV and V) was not objected to and is adopted. These claims will be dismissed without prejudice so that Plaintiff may refile in the appropriate state court if he so chooses.

**CONCLUSION**

The Report and Recommendation of the Magistrate Judge will be modified. The amended complaint will be dismissed without prejudice.

An Order in accordance with the instant memorandum will issue today's date.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge